**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANAGED PROTECTIVE SERVICES, INC., as Limited Conservator for Christopher Michael Simpson, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF MESA, a municipal corporation and political subdivision of the State of Arizona; et al., <br><br> Defendants - Appellees. | No. 14-17587 <br><br> D.C. No. 2:13-cv-01354-DLR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Managed Protective Services, a limited conservator of Christopher Simpson,

appeals the district court's grant of summary judgment on Simpson's excessive

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

force and deliberate indifference claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1. The district court erred in granting summary judgment to the defendants on Simpson's excessive force claim on the basis of qualified immunity. Several important facts are disputed, including how long the officers left Simpson on the pavement and how many officers held him down. Those disputes extend to Simpson's actions and as to whether any force or force to the extent of causing second-degree burns was reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). These factual disputes must be resolved by a jury before a conclusion can be drawn as to the reasonableness of the force under *Graham. See Espinosa v. City & County of San Francisco*, 598 F.3d 528, 532 (9th Cir. 2010).

Moreover, the district court erred in examining solely "hot pavement" cases to determine whether the law was clearly established. That courts have resolved prior "hot pavement" cases differently is not dispositive; law can be "clearly established" even if "there was no case on all fours prohibiting that particular manifestation of unconstitutional conduct." *Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001). Among other relevant principles, it was clearly established that the Fourth Amendment prohibits the continued use of force against an arrestee

2

who is restrained and no longer resisting, *see, e.g.*, *LaLonde v. County of Riverside*, 204 F.3d 947, 960–61 (9th Cir. 2000), and that ignoring an arrestee's complaints of pain violates the Fourth Amendment, *see, e.g.*, *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993).

2. The district court did not err in granting summary judgment on Simpson's deliberate indifference claim. An officer is "deliberately indifferent" if he "knows of and disregards an excessive risk to [detainee] health and safety." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted). Here, Simpson did not provide sufficient evidence that the officers had actual knowledge of his burns before they arrived at the jail and transported him to the hospital, or that they were aware of his mental health condition.

Each party shall bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART; and REMANDED.**

*Managed Protective Services, Inc. v. City of Mesa, et al.*, No. 14-17587

BEA, Circuit Judge, concurring in part, dissenting in part:

I respectfully dissent from the majority's decision to reverse the district court's grant of qualified immunity as to the excessive force claim. The district court did not err when it canvassed other hot surface cases to determine whether the officers' conduct here amounted to a clearly established violation of Simpson's constitutional right to be free from unreasonable seizure. In assessing qualified immunity, "[i]t is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Broad general propositions *can* establish a "clear" violation "in an obvious case." *Id.* However, as the district court noted, this is not such a case. Federal courts have reached different results in cases involving detainees and hot surfaces.[1] This body of case law "undoubtedly show[s] that this area is one in

---

[1] *Compare Price v. County of San Diego*, 990 F. Supp. 1230, 1235, 1241 (S.D. Cal. 1998) (no clearly established constitutional violation where officers left a detainee on hot pavement for several minutes), *and Rubio v. Lopez*, 445 F. App'x 170, 172-74 (11th Cir. 2011) (same), *with Howard v. Kansas City Police Dep't*, 570 F.3d 984, 987-91 (8th Cir. 2009) (clearly established violation where police officers forced a detainee to remain on hot asphalt for four to six minutes), *and Corder v. Denver*, 2000 WL 1234846 (10th Cir. 2000) (unpublished) (same result, where officers pinned down a detainee on a hot manhole cover and might have smelled burning flesh).

which the result depends very much on the facts of each case." *Id.* at 201. "None of them squarely governs the case here; they do suggest that [the officers'] actions fell in the 'hazy border between excessive and acceptable force.'" *Id.* (quoting *Saucier*, 533 U.S. at 206)). Accordingly, I would affirm the district court's holding that hobbling Simpson on hot pavement to overcome his physical resistance to entering the squad car did not amount to a clearly established violation of his constitutional rights.

I agree with my colleagues that the district court did not err in granting summary judgment on Simpson's deliberate indifference claim.

2